IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JANE DOE, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) No. 1:23-cv-00414 ) |
| G6 HOSPITALITY PROPERTY, LLC; MOTEL 6 OPERATING L.P. #140 D/B/A MOTEL 6 ALBUQUERQUE MIDTOWN #9016, | ) ) ) ) ) ) |
|     Defendants. | ) |

**NOTICE OF REMOVAL**

TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants G6 Hospitality Property LLC ("G6") and Motel 6 Operating L.P. ("Motel 6") hereby remove this action, originally filed in the Second Judicial District Court for the County of Bernalillo, New Mexico, on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b) and D.N.M.LR-Civ. 81.1, as follows:

**I.   THE STATE COURT ACTION**

On April 17, 2023, Plaintiff Jane Doe ("Plaintiff") filed a Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, entitled *Jane Doe v. G6 Hospitality Property, LLC; Motel 6 Operating LP #140 d/b/a Motel 6 Albuquerque Midtown #9016*, Cause No. D-202-CV-2023-03066 (the "State Court Action"). A true and correct copy of the complete file in the State Court Action, including the First Complaint, is attached hereto as Exhibit A. Upon information and belief, Plaintiff has not yet served either Defendant.

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THE STATE COURT ACTION

This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441(b), which vests the United States District Courts with original jurisdiction over civil actions between citizens of different states where, as here, the amount in controversy exceeds $75,000. As set forth below, there exists complete diversity of citizenship between Plaintiff, on the one hand, and G6 and Motel 6, on the other. G6 and Motel 6 are further informed and believe that, for the reasons set forth below, the amount in controversy may exceed $75,000.

### A. There Exists Complete Diversity of Citizenship

Upon information and belief, Plaintiff is a citizen of the state of Nevada residing in Las Vegas. Ex. A at ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (individuals are citizens where they are domiciled, or reside with the intent to stay).

G6 and Motel 6 are, respectively, a limited liability company and a limited partnership, both organized under the laws of Delaware with their principal places of business in Texas. Declaration of Rebecca Lennard ("Lennard Decl.") ¶¶ 2, 7, attached hereto as Exhibit B. The citizenship of a limited liability company or a limited partnership is the same as the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1234, 1237-38 (10th Cir. 2015) (citizenship of limited liability companies); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (citizenship of limited partnerships). Because none of the members of G6 or Motel 6 is, like Plaintiff, a citizen of Nevada (Lennard Decl. ¶¶ 2-11), there exists complete diversity of citizenship between Plaintiff, on the one hand, and Defendants G6 and Motel 6, on the other.

B.     **The Requisite Amount in Controversy Is Satisfied**

Upon information and belief, the amount in controversy in this matter is in excess of $75,000, exclusive of interest and costs, as required to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

To meet the jurisdictional minimum for removal, the removing party must only introduce facts sufficient to establish "that the amount in controversy *may* exceed $75,000." *Chen v. Dillard Store Servs., Inc.*, 579 Fed. Appx. 618, 620-21 (10th Cir. 2014). This is "ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Id*. "Once it is shown that the amount in controversy *may* be greater than $75,000, the case belongs in federal court *unless it is legally certain* that less than $75,000 is at stake." *Id*. (emphases added). In determining whether more than the jurisdictional minimum of $75,000 may be at issue, the Court must consider not only the plaintiff's alleged compensatory damages, but, if they are authorized by statute, her potential recovery of treble or punitive damages and attorneys' fees, as well. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).

Here, Plaintiff asserts a single cause of action against G6 and Motel 6 for violation of New Mexico Statute 30-52-1.1, which authorizes a civil claim against those alleged to have "benefit[ted], financially or by receiving anything of value, from the labor, services or commercial sexual activity of another person with the knowledge that force, fraud or coercion was used to obtain the labor, services or commercial sexual activity." NMSA1978 §§ 30-52-1, 30-52-1.1. In support, Plaintiff contends that G6 and Motel 6 unlawfully profited from her sexual exploitation by renting hotel rooms to her alleged sex trafficker despite actual or constructive knowledge that the rooms were being rented for such purposes. Should she prevail on this statutory claim, Plaintiff

would be poised to recover actual, compensatory, and punitive damages plus reasonable attorneys' fees and costs. NMSA 1978 § 30-52-1.1(a). Should she further prove that either Defendant's conduct was "willful," as alleged, treble damages would be available, as well. *Id*. And, although her Complaint does not clearly set forth either theory as a separate cause of action, Plaintiff also alleges G6 and Motel 6 acted with "negligence" and "gross" negligence that she claims entitle her to exemplary damages, as well. Ex. A at ¶ 31.

The precise amount of damages Plaintiff seeks is not specified in her Complaint. However, the minimum amount that she seeks can be reasonably estimated. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (the removing defendant "may rely on an estimate of the potential damages from the allegations in the complaint."). Per her Complaint, Plaintiff seeks actual and compensatory damages for alleged sex trafficking, including "[n]on-medical expenses incurred in the past and reasonably expected to be incurred in the future," loss of earning potential, and damages for physical pain and emotional suffering, both in the past and in the future, all of which she claims exceed $50,000. *See* Ex. A at ¶ 30, Ex. C (Plaintiff's Arbitration Certificate) (certifying that "Plaintiff seeks an award in excess of $50,000.00 exclusive of punitive or exemplary damages, interest, costs and attorneys' fees."). She additionally seeks punitive/exemplary damages and all other relief allowed under NMSA 1978 § 30-52-1.1, including trebled damages and attorneys' fees. *Id*.

Merely trebling the amount of the minimum $50,000 in compensatory damages that Plaintiff seeks amounts to $150,000. Thus, with the addition of Plaintiff's prayer for attorneys' fees and for punitive/exemplary damages, Plaintiff's Complaint easily puts more than $75,000 in controversy. *See*, *e.g.*, *McPhail*, 529 F.3d at 956-57 (allegations in complaint seeking compensatory damages in excess of $10,000 under wrongful death statute plus unspecified amount

4

of punitive damages supported removal); *Woodmen*, 342 F.3d at 1219 (reversing dismissal for lack of diversity jurisdiction where plaintiff alleged only $13,000 in compensatory damages because availability of attorneys' fees and punitive and treble damages established that it was not legally certain plaintiff's total recover would be less than $75,000).

To be clear, G6 and Motel 6 do not in any way concede the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief from them in any amount whatsoever, and they expressly reserve their right to assert all applicable defenses in this matter. For purposes of removal, however, the theoretical availability of attorneys' fees and treble and punitive damages in addition to the compensatory damages alleged by Plaintiff raises at least the specter of an award in excess of $75,000, which cannot be shown at this stage to be legally impossible. Thus, G6 and Motel 6 have satisfied their minimal jurisdictional threshold.

**III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**.

    **A.    This Notice of Removal is Timely Filed**

Where, as here, the grounds for removal are apparent on the face of the complaint, the federal rules provide that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Here, neither G6 nor Motel 6 have been served. Nevertheless, they submit this Notice of Removal on May 12, 2023, which is less than 30 days after the Complaint was filed. Therefore, there is no question that this Notice falls well within the 30-day deadline established by 28 U.S.C. § 1446(c)(1).

### B. There are No Forum Defendants

Contrary to Plaintiff's baseless allegation, none of the members of G6 or Motel 6 are citizens of New Mexico. Decl. ¶¶ 2-11. Therefore, neither G6 nor Motel 6 is a citizen of New Mexico, either. *Siloam Springs,* 781 F.3d at 1234, 1237-38; *Carden*, 494 U.S. at 195-96. Accordingly, there are no named defendants that are citizens of the forum state and whose joinder in this suit would prevent removal under 28 U.S.C. 1441(b)(2).

### C. Venue is Proper

The United States District Court for the District of New Mexico embraces the county and court in which the state action was filed (Bernalillo County, New Mexico). *See* 28 U.S.C. § 111. Therefore, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

### D. Notice of Filing

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Court where the State Court Action is pending and served upon counsel for Plaintiff.

### E. Consent

Other than G6 and Motel 6, there are no named defendants who must consent to this removal in order to give it effect.

## IV. CONCLUSION

For the foregoing reasons, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. §§ 1441 and 1446. Accordingly, Defendants G6 and Motel 6 hereby remove the State Court Action to this Court from the Second Judicial District Court, County of Bernalillo, State of New Mexico, and pray for such other and further relief to which they may be entitled.

Dated: May 12, 2023            Respectfully submitted,

                                            MODRALL, SPERLING, ROEHL, HARRIS
                                               & SISK, P.A.

By: */s/ Alex Walker*
   Alex C. Walker
   Elizabeth A. Martinez
   Post Office Box 2168
   Albuquerque, New Mexico 87103-2168
   Telephone: (505) 848-1800
   Facsimile: (505) 848-9710
   awalker@modrall.com
   emartinez@modrall.com

DLA PIPER LLP (US)
   Angela C. Agrusa
   (*pro hac vice* motion to be filed)
   Alexis Burges
   (*pro hac vice* motion to be filed)
   2000 Avenue of the Stars
   Suite 400 North Tower
   Los Angeles, CA 90067-4704
   Telephone: (310) 595-3000
   Facsimile:
   angela.agrusa@us.dlapiper.com
   alexis.burgess@us.dlapiper.com

*Attorneys for Defendants G6 Hospitality Property, LLC and Motel 6 Operating L.P.*

WE HEREBY CERTIFY that on the 12th day of May, 2023, we filed the foregoing electronically through the CM/ECF system and served the following counsel via electronic mail:

| | |
|---|---|
| L. Todd Kelly | S. Rafe Foreman |
| THE CARLSON LAW FIRM, P.C. | HUTCHISON & FOREMAN, PLLC |
| 11606 North IH-35 | 1312 Texas Ave. Suite 101 |
| Austin, Texas 78753 | Lubbock, Texas 79401 |
| Telephone: (512) 346-5688 | Telephone: (806) 491-4911 |
| tkellyefile@carlsonattorneys.com | SRFservice@Fightsforright.com |

7

MODRALL, SPERLING, ROEHL, HARRIS
  & SISK, P.A.

By: */s/ Alex Walker*
    Alex C. Walker

*W4711585.DOCX*