UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| G6 HOSPITALITY PROPERTY, LLC; | ) | |
| MOTEL 6 OPERATING L.P. #140 D/B/A | ) | No. 1:23-cv-00414-JFR-KK |
| MOTEL 6 ALBUQUERQUE MIDTOWN | ) | |
| #9016, | ) | |
| | ) | |
| Defendants. | ) | |

## G6 DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants G6 Hospitality Property LLC and Motel 6 Operating L.P. (collectively "G6") respond to Plaintiff Jane Doe's ("Plaintiff") Complaint, as follows:

### I. JURISDICTION AND VENUE

1.      Paragraph 1 consists of conclusions of law to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, on that basis, denies them.

2.      Paragraph 2 consists of conclusions of law and argument to which no response is required. To the extent a response is required, G6 admits that G6 Hospitality Property LLC is a limited liability company formed under the laws of Delaware and registered to do business in the State of New Mexico. G6 further admits that its citizenship is the same as its members, and that its registered agent for service of process in the State of New Mexico is CSC of Lea County,

1

Inc., located at 110 E. Broadway Street, Hobbs, New Mexico.  Except as expressly admitted, G6

denies all of the allegations of paragraph 2.

3.      G6 admits that Motel 6 Operating LP is a limited partnership formed under the

laws of Delaware and registered to do business in New Mexico.  G6 further admits that its

citizenship is the same as its members, and that its registered agent for service of process in the

State of New Mexico is Corporation Service Company, located at MC - CSC1 726 E. Michigan

Drive, Suite 101, Hobbs, New Mexico.  Except as expressly admitted, G6 denies all of the

allegations of paragraph 3.

4.      G6 admits that during the period relevant to Plaintiff's Complaint, it provided

certain brand standards, recommendations, and training materials concerning security and human

trafficking to the independent owners and operators of the Motel 6 Albuquerque Midtown #9016

located at 1701 University Blvd NE, Albuquerque, New Mexico 87102 (the "Motel 6

Albuquerque Midtown").  Except as expressly admitted, G6 denies all of the allegations of

paragraph 4.

5.      Paragraph 5 consists of conclusions of law and legal argument to which no

response is required.  To the extent a response is required, G6 admits that it does not presently

dispute that this Court has personal jurisdiction over it.

6.      Paragraph 6 consists of conclusions of law and legal argument to which no

response is required.  To the extent a response is required, G6 admits that it does not dispute that

this Court has subject matter jurisdiction over this action or that venue is proper in this Court.

Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 6 and, on that basis, denies them.

2

7.      G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies them.

## II.      <u>BACKGROUND AND FACTUAL SUMMARY</u>[1]

8.      Paragraph 8 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the publication cited is a document that speaks for itself, and denies any allegations inconsistent therewith.  Except as expressly admitted and denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies them.

9.      Paragraph 9 consists of argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 9 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies them.

10.     Paragraph 10 consists of argument and conclusions of law to which no response is required.  To the extent a response is required, G6 admits that the student thesis quoted in paragraph 10 is a document that speaks for itself, and denies any allegations inconsistent therewith—including, without limitation, Plaintiff's characterization of the document as a publication by Cornell University.  Except as expressly admitted and denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies them.

---

[1] This Answer omits the subheadings from this section, which are not factual allegations to which a response is required.  To the extent a response is deemed required, G6 denies each and every one of them.

11.     Paragraph 11 consists of argument and conclusions of law to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, denies them.

12.     Paragraph 12 consists of argument and conclusions of law to which no response is required.  To the extent a response is required, G6 admits that various jurisdictions have adopted various laws and regulations concerning human trafficking, which are documents that speak for themselves, and G6 denies any allegations that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12.

13.     Paragraph 13 consists of argument to which no response is required.  To the extent a response is required, G6 admits that Blue Campaign publications concerning human trafficking and the hospitality industry are documents that speak for themselves, and G6 denies any allegations inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, denies them.

14.     Paragraph 14 consists of argument to which no response is required.  To the extent a response is required, G6 admits that Blue Campaign publications concerning human trafficking and the hospitality industry are documents that speak for themselves, and G6 denies any allegations inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies them.

4

15.     Paragraph 15 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, denies them.

16.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, denies them.

17.     Paragraph 17 consists of legal conclusions and argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 17 as they pertain to G6, including, without limitation, the allegation that G6 had any employees working at the Motel 6 Albuquerque Midtown in March 2019.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 17 and, on that basis, denies them.

18.     Paragraph 18 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the Motel 6 Albuquerque Midtown operated as a Motel 6® branded hotel at all times relevant to Plaintiff's Complaint.  Except as expressly admitted, G6 denies all of the allegations of paragraph 18 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remainder of allegations in paragraph 18 and, on that basis, denies them.

19.     Paragraph 19 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 19.

5

20.     Paragraph 20 and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 20 and its subparts.

21.     G6 denies all of the allegations of paragraph 21.

22.     G6 admits that the Google reviews set forth in Paragraph 22 are documents that speak for themselves, and denies any characterizations of such documents that are inconsistent therewith.  G6 lacks sufficient knowledge or information to form a belief as to the authenticity of the reviews or the truth of their content and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 22.

### COUNT I: VIOLATION OF NM STAT § 30-52.1.1 BY THE HOTEL DEFENDANTS

23.     G6 restates and incorporates by reference each of its responses set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     Paragraph 24 consists of conclusions of law to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, denies them.

25.     Paragraph 25 consists of conclusions of law to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 25.

26.     Paragraph 26 consists of conclusions of law to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 26.

27.     Paragraph 27 consists of conclusions of law to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 27.

WEST\302872735.1

28.     Paragraph 28 consists of conclusions of law to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 28 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies them.

### III.     PLAINTIFF'S DAMAGES

29.     G6 restates and incorporates by reference its responses in paragraphs 1 through 28 as though fully set forth herein.

30.     Paragraph 30 and its subparts consists of conclusions of law to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 30 and its subparts as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 or its subparts and, on that basis, denies them.

### IV.     GROSS NEGLIGENCE

31.     G6 restates and incorporates by reference its responses in paragraphs 1 through 30 as though fully set forth herein.  Paragraph 31 consists of conclusions of law and argument to which no response is required.  To the extent a response is required, G6 admits that Plaintiff purports to seek exemplary damages from G6, but denies that Plaintiff is entitled to any relief from G6 whatsoever.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 31.

### V.     PRE-JUDGMENT AND POST-JUDGMENT INTEREST

32.     Paragraph 32 consists of conclusions of law and argument to which no response is required.  To the extent a response is required, G6 admits that Plaintiff purports to seek pre-

7

judgment and post-judgment interest from G6, but denies that Plaintiff is entitled to any relief

from G6 whatsoever.  Except as expressly admitted or denied, G6 denies all of the allegations of

paragraph 32.

## VI.    JURY DEMAND

33.    Paragraph 33 does not contain any factual allegations to which a response is

required.  To the extent a response is required, G6 admits that Plaintiff demands a trial by a six-

person jury.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form

a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

### PRAYER

G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

\*        \*        \*

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1.    Plaintiff's Complaint, and each cause of action set forth therein, fails to state a

claim upon which relief can be granted.

### Second Affirmative Defense

(Superseding or Intervening Acts)

2.    Plaintiff's Complaint, and each cause of action set forth therein, is barred in

whole or in part because the incidents alleged and all damages complained of, if any, were

caused by the superseding and/or intervening acts of parties over whom G6 had no right of

control.

WEST\302872735.1

### Third Affirmative Defense

(Fault of Third Parties/Apportionment of Fault)

3.      Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than G6, including but not limited to third parties such as Plaintiff's alleged trafficker, under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, and/or comparative fault, including, without limitation, under the provisions of NMSA § 41-3A-1.

### Fourth Affirmative Defense

(Statutes Vague and Ambiguous)

4.      Plaintiff's Complaint, and each cause of action asserted therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

### Fifth Affirmative Defense

(Failure to Mitigate Damages)

5.      Plaintiff's Complaint, and each cause of action asserted therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

### Sixth Affirmative Defense

(No Vicarious Liability)

6.      Plaintiff's Complaint, and each cause of action asserted therein, is barred in whole or in part because the alleged acts or omissions were not committed by G6's employees or agents or were outside the scope of authority conferred by G6 and not ratified by G6.

### Seventh Affirmative Defense

(Statute of Limitations)

7.      Plaintiff's Complaint, and each cause of action asserted therein, is barred in whole

or in part by the applicable statute of limitations.

## Eighth Affirmative Defense

(No Exemplary or Punitive Damages)

8.     Plaintiff's Complaint, and each cause of action set forth therein, fails to establish any willful, malicious, reckless, wanton, or fraudulent conduct on the part of G6 as required to justify the imposition of punitive or treble damages under N.M. Stat. § 30-52-1.1, or that G6 acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

## Ninth Affirmative Defense

(Comparative Negligence/Assumption of Risk)

9.     Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part by Plaintiff's own comparative fault or negligence and/or assumption of risk.

## Tenth Affirmative Defense

(No Ownership, Operation, or Control)

10.     Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part because G6 did not own, operate, or control the premises at issue at any time relevant to Plaintiff's Complaint.

## Eleventh Affirmative Defense

(Limitations on Punitive Damages)

11.     With respect to Plaintiff's demands for punitive damages, G6 specifically incorporates by reference any and all statements or limitations regarding the determination and enforceability of punitive damage awards which arose in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 421 (2001), and *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996).

10

**Twelfth Affirmative Defense**

(Limitations on Punitive Damages under New Mexico Constitution)

12.     Plaintiff's claim for punitive damages is barred by Article II, Section 18 of the Constitution of the State of New Mexico, which guarantees that no person shall be deprived of life, liberty, or property without due process of law; Article II, Section 4 of the Constitution of the State of New Mexico, which guarantees that no person shall be denied the equal protection of the laws; and Article II, Section 13 of the Constitution of the State of New Mexico, which prohibits the imposition of excessive fines.

**Thirteenth Affirmative Defense**

(Reservation)

13.     G6 expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

**PRAYER FOR RELIEF**

WHEREFORE, G6 prays for judgment as follows:

1.  That Plaintiff's Complaint be dismissed with prejudice;

2.  That Plaintiff take nothing by her Complaint;

3.  That judgment be rendered in G6's favor;

4.  That G6 be awarded all costs of suit incurred herein; and

5.  That the Court award such other and further relief as it deems just and proper.

11

Dated:  May 19, 2023                    Respectfully submitted,


                                        MODRALL, SPERLING, ROEHL, HARRIS
                                        & SISK, P.A.

                                        By:  */s/ Elizabeth A. Martinez*
                                            Alex C. Walker
                                            Elizabeth A. Martinez
                                            Post Office Box 2168
                                            Albuquerque, New Mexico 87103-2168
                                            Telephone: (505) 848-1800
                                            Facsimile: (505) 848-9710
                                            awalker@modrall.com
                                            emartinez@modrall.com

                                        DLA PIPER LLP (US)
                                            Angela C. Agrusa
                                            (*pro hac vice* motion to be filed)
                                            Alexis Burges
                                            (*pro hac vice* motion to be filed)
                                            2000 Avenue of the Stars
                                            Suite 400 North Tower
                                            Los Angeles, CA 90067-4704
                                            Telephone: (310) 595-3000
                                            Facsimile:
                                            angela.agrusa@us.dlapiper.com
                                            alexis.burgess@us.dlapiper.com

                                        *Attorneys for Defendants G6 Hospitality Property,*
                                        *LLC and Motel 6 Operating L.P.*

12

WE HEREBY CERTIFY that on the 19th day of May, 2023, we filed the foregoing electronically through the CM/ECF system and served the following counsel via electronic mail:

L. Todd Kelly
THE CARLSON LAW FIRM, P.C.
11606 North IH-35
Austin, Texas 78753
Telephone: (512) 346-5688
tkellyefile@carlsonattorneys.com

S. Rafe Foreman
HUTCHISON & FOREMAN, PLLC
1312 Texas Ave. Suite 101
Lubbock, Texas 79401
Telephone: (806) 491-4911
SRFservice@Fightsforright.com

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Elizabeth A. Martinez*
    Elizabeth A. Martinez

13